UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M MARTIN, | No. 2:20-cv-855-JAM-JDP PS |
| Plaintiff, | |
| v. | ORDER |
| YOLO COUNTY SHERIFF'S DEPUTY RYAN MEZ, YOLO COUNTY SHERIFF'S DEPUTY JEREMY HEMBREE, COUNTY OF YOLO, and Does 1-5, | |
| Defendants. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   Under this standard, the court must accept as true the allegations of the complaint in
13   question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
14   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
15   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
16   requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a
17   complaint to include a short and plain statement of the claim showing that the pleader is entitled
18   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
19   which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v.*
20   *Gibson*, 355 U.S. 41 (1957)).

21   According to the complaint, on December 3, 2018, defendants Ryan Mez and Jeremy
22   Hembree, both deputies with the Yolo County Sherriff's Department, went to a homeless camp in
23   Woodland, California to post eviction notices. ECF No. 1 at 2-3. Plaintiff, while standing on
24   public land, photographed and video recorded the deputies as they posted the notices. *Id*. at 2. At
25   some point, the deputies approached plaintiff and asked him to produce identification. *Id*. After
26   plaintiff refused, the deputies allegedly assaulted and arrested him and seized his recording
27   devices. *Id*. at 2, 4. Defendant Humbree then searched plaintiff and his motorcycle. *Id*. at 2.
28   Plaintiff was subsequently handcuffed and placed in the back of a patrol vehicle that had its

2

windows rolled up and air conditioner off. *Id.* Plaintiff, who was wearing a cold weather motorcycle coat at the time, notified Humbree that he was overheating and "didn't feel right." *Id.* Humbree allegedly ignored those complaints, and plaintiff eventually lost consciousness due to heat exhaustion. *Id.*

Plaintiff was transported to the Yolo County Jail, where he remained in custody for more than nine hours. *Id.* He claims that while he was in jail, defendants deleted his photographs and video recordings from the homeless camp. *Id.* Criminal charges were subsequently brought against plaintiff, but the criminal case was allegedly dismissed in March 2019. *Id.* The complaint alleges claims for violation of plaintiff's First, Fourth, and Eighth Amendment rights under 42 U.S.C. § 1983, and state law claims styled as "Assault and Battery" and "False Arrest/Imprisonment." *Id.* at 4-7.

Liberally construed, the plaintiff's allegations, for purposes of screening, state a cognizable First Amendment retaliatory arrest claim against the individual defendants. Plaintiff specifically alleges that he was arrested after, and in retaliation for, refusing to produce identification. ECF No. 1 at 2; *see Abdel-Shafy v. City of San Jose*, 2019 WL 570759, at * 8 (N.D. Cal. Feb. 12, 2019) (assuming, without deciding, that the plaintiff has a First Amendment right to not provide police officers with identifying information); *Karmo v. Borough of Darby*, 2014 WL 4763831, at *5 (E.D. Pa. Sept. 25, 2014) (holding that allegation that plaintiff "was detained and assaulted by officers as a result of lawful refusal to produce identification" was sufficient to state a First Amendment retaliation claim) (quotations and modification omitted).

The complaint also potentially states a cognizable Fourth Amendment claim. To prevail on a Section 1983 claim for false arrest, a plaintiff must allege that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)).

/////

Plaintiff alleges that when he was approached by defendants Mez and Hembree, he was peacefully taking pictures and video recordings and had not violated any laws nor displayed any errant behavior. ECF No. 1 at 2-3. He further claims Mez and Hembree arrested and searched him without "any lawful or reasonable justification." *Id.* at 3. Viewing these allegations in the light most favorable to plaintiff, the complaint alleges that defendants Mez and Hembree lacked probable cause to arrest and search plaintiff. According, plaintiff's allegations, for purposes of screening, state a Fourth Amendment claim against the deputy defendants. Likewise, these same allegations are sufficient to allege a false arrest claim under California law. *See Jaramillo v. City of San Mateo*, 76 F. Supp. 3d 905, 927 (N.D. Cal. 2014) ("Courts analyze state false arrest and false imprisonment claims under the same rubric as § 1983 claims based on false arrest under the Fourth Amendment.").

Plaintiff also claims that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by keeping him in the back of a patrol vehicle despite plaintiff's complaints that he was overheating. A pretrain detainee's claim for unconstitutional conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment's prohibition against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 537 (1979*)*; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). Nevertheless, the same standards are applied. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010). Accordingly, the court construes plaintiff's Eighth Amendment claim as a due process claim for failure to protect under the Fourteenth Amendment.

To state a failure to protect claim, a pretrial detainee must allege: "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Castro v. County of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). The third element requires showing "more than negligence

4

but less than subjective intent—something akin to reckless disregard." *Id*.

Plaintiff alleges he was placed in the back of a patrol vehicle with its windows rolled up and the air conditioner off. ECF No. 1 at 2. At the time, he was allegedly wearing a cold-weather coat, which he could not remove because he had been placed in handcuffs. *Id*. Plaintiff further alleges that Hambree ignored his complains that he was overheating and "didn't feel right," which ultimately led to plaintiff passing out. *Id*. These allegations state a cognizable Fourteenth Amendment claim against Humbree. However, because plaintiff does not allege facts suggesting that defendant Mez was aware that plaintiff was overheating, he fails to state a Fourteenth Amendment claim against defendant Mez.

The complaint also fails to allege state law claims for assault and battery against the defendants. Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code §§ 240, 242; 5 B.E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). To state a civil battery claim under California law, plaintiff must allege "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-57 (2009). When a battery claim is asserted against a police officer, the plaintiff must also establish that the officer's use of force was unreasonable. *Id*. at 527. Here, plaintiff alleges that he was "assaulted, battered, arrested, physically and mentally punished, and imprisoned." ECF No. 1 at 2. The complaint, however, is devoid of any specific factually allegations describing specific acts that constituted an assault or battery. Accordingly, plaintiff fails to allege claims for assault and battery.

Lastly, plaintiff's fails to state a Section 1983 claim against defendant County of Yolo because he does not allege that his civil rights were violated pursuant to a policy or custom. A municipal entity or its departments (such as a county, a county jail, or a county employee acting in an official capacity) is liable under Section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt.*

*Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under Section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff does not identify any specific policy or custom that resulted in a violation of his civil rights or other federally protected right. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (To succeed on a *Monell* claim a plaintiff must establish that the entity "had a deliberate policy, custom, or practice that was the moving force behind the alleged constitutional violation he suffered") (internal quotation marks omitted) ); *Brown v. Contra Costa County*, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) ("Pursuant to the more stringent pleading requirements set forth in *Iqbal* and *Twombly*, a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defendant itself, and these facts must plausibly suggest that plaintiff is entitled to relief.") (citing *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)). Thus, he fails to state a Section 1983 claim against defendant County of Yolo.

Accordingly, plaintiff may either proceed with his First and Fourth Amendment claims and state law false arrest claim against defendants Mez and Hembree, and Fourteenth Amendment claim against Hembree only, or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not required to amend his complaint.

Should plaintiff choose to amend his complaint, he is informed that any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. The amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of

Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint alleges, for screening purposes, a potentially cognizable First Amendment retaliation claim, Fourth Amendment false arrest and unreasonable search claim, and state law false arrest claim against defendants Ryan Mez and Jeremy Hembree, and a Fourteenth Amendment failure-to-protect claim against defendant Hembree.

3. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

4. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

5. Failure to comply with any part of this order may result in dismissal of this action.

7


Dated: October 5, 2020

_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M MARTIN, | No.  2:20-cv-855-JAM-EFB PS |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| YOLO COUNTY SHERIFF'S DEPUTY RYAN MEZ, YOLO COUNTY SHERIFF'S DEPUTY JEREMY HEMBREE, COUNTY OF YOLO, and Does 1-5, | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the First Amendment, Fourth Amendment, and state law false arrest claims against defendants Ryan Mez and Jeremy Hembree, and Fourteenth Amendment claim against Hembree,

OR

(2) _____   delay serving any defendant and files a first amended complaint.

_____

Plaintiff

9

Dated: