UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. MARTIN,<br><br>        Plaintiff,<br><br>v.<br><br>JEREMY HEMBREE,<br><br>        Defendant. | Case No. 2:20-cv-00855-JAM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>ECF No. 14 |

    Plaintiff brings this action in relation to his arrest on December 3, 2018 in Woodland, California, where he took photos and videos of officers posting eviction notices at a homeless camp. Defendant moves to dismiss this case for lack of jurisdiction, failure to state a claim, and qualified immunity. ECF No. 14. Plaintiff opposes the motion in part, conceding that his state law false arrest claim should be dismissed but defending his First Amendment retaliation claim, Fourth Amendment false arrest and unreasonable search claim, and Fourteenth Amendment failure-to-protect claim. ECF No. 20. As the parties agree that plaintiff's state law claim is barred by the statute of regulations, I will recommend dismissal of that claim for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The remaining claims are under review for failure to state a claim and qualified immunity.

**Factual Allegations**

According to the complaint, on December 3, 2018, Ryan Mez and defendant Jeremy Hembree, both deputies with the Yolo County Sherriff's Department, went to a homeless camp in Woodland, California to post eviction notices.[1] ECF No. 1 at 2-3. While standing on public land, plaintiff photographed and filmed the deputies as they posted the notices. *Id.* at 2. At some point, the deputies approached plaintiff and asked him to produce identification. *Id.* After plaintiff refused to do so, the deputies allegedly assaulted and arrested him and seized his recording devices. *Id.* at 2, 4.

Defendant Hembree then searched plaintiff and his motorcycle. *Id.* at 2. Plaintiff was subsequently handcuffed and placed in the back of a patrol vehicle that had its windows rolled up and air conditioner off. *Id.* Plaintiff, who was wearing a cold weather motorcycle coat at the time, notified Hembree that he was overheating and "didn't feel right." *Id.* Hembree allegedly ignored those complaints, and plaintiff eventually lost consciousness due to heat exhaustion. *Id.*

Plaintiff was transported to the Yolo County Jail, where he remained in custody for more than nine hours. *Id.* He claims that while he was in jail, defendants deleted his photographs and video recordings from the homeless camp. *Id.* Criminal charges were subsequently brought against plaintiff, but the criminal case was apparently dismissed in March 2019. *Id.*

**Failure to State a Claim**

On October 6, 2020, the court screened plaintiff's complaint and found that it stated claims, namely: a First Amendment retaliation claim, a Fourth Amendment false arrest and unreasonable search claim, a state law false arrest claim, and a Fourteenth Amendment failure-to-protect claim. ECF No. 5. Plaintiff elected to proceed only on those claims found in the screening order. ECF No. 6. The screening standard is equivalent to the 12(b)(6) standard for failure to state a claim. *Compare* 28 U.S.C. § 1915(e) (requiring the court to dismiss a case that fails to state a claim) *with* Fed. R. Civ. P. 12(b)(6) (recognizing that dismissal is appropriate when

---

[1] Ryan Mez was initially named as a defendant and then voluntarily dismissed. Plaintiff is currently seeking reconsideration of Mez's status in this case, but that motion is not fully briefed at this time. ECF No. 38.

plaintiff fails to state a claim). Nonetheless, defendant argues for dismissal for failure to state a claim. Thus, the court will briefly review whether plaintiff's remaining claims are viable.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Where a plaintiff appears without counsel in a civil rights case, the court must construe the pleadings liberally and given the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is

"particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges that he was arrested after and in retaliation for refusing to produce identification, which is sufficient to state a First Amendment retaliation claim. ECF No. 5 at 3. Defendant does not directly address retaliation in his motion to dismiss. Defendant argues that failure to produce identification is a violation of California Penal Code § 148, obstructing a peace officer, but provides no case law or statutory language to support such an assertion, and the court has found none. Thus, there is no reason to disturb this court's prior finding that plaintiff has stated a retaliation claim.

Plaintiff's Fourth Amendment claim for false arrest turns on whether plaintiff alleges that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)). Defendant asserts that there was probable cause to arrest because plaintiff was riding his motorcycle without a license plate in violation of California Vehicle Code Sections 4000(a)(1) and 5200(a), which also meant that defendant could demand identification under Section 40302(a). However, according to plaintiff's allegations, he was taking pictures and videos, not driving his motorcycle, when he was approached and arrested. Thus, plaintiff has alleged that there was no probable cause to arrest him and his Fourth Amendment claim for false arrest remains viable.

Plaintiff's failure to protect claim centers upon his overheating in the back of the patrol car. To state a failure to protect claim, a pretrial detainee must allege:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—

> making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). The third element requires showing "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* Plaintiff alleges he was placed in the back of a patrol vehicle with its windows rolled up and the air conditioner off. ECF No. 1 at 2. At the time, he was allegedly wearing a cold-weather coat, which he could not remove because he had been placed in handcuffs. *Id.* Plaintiff further alleges that Hembree ignored his complaints that he was overheating and "didn't feel right," which ultimately led to plaintiff passing out. *Id.* Defendant request the court take judicial notice of the low ambient temperature that day, between 37.4 and 53.6 degrees Fahrenheit. ECF No. 17 at 34. However, even taking this fact into account, plaintiff has still stated a cognizable Fourteenth Amendment claim because he was overheating, requested help, and Hembree ignored the request long enough for plaintiff to black out. Thus, plaintiff's First, Fourth, and Fourteenth Amendment claims have been sufficiently stated to survive defendant Hembree's challenge under Rule 12(b)(6).

## Qualified Immunity

Defendant is entitled to qualified immunity on plaintiff's false arrest claim if "it is reasonably arguable that there was probable cause for arrest." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). Defendant asks that the court take judicial notice of the officer's incident report, which states that Hembree observed plaintiff riding his motorcycle without a license plate. ECF No. 17 at 22. While the court can take judicial notice of the existence of this document, it cannot take judicial notice as to the truth of what is stated therein. Fed. R. Evid. 201. Specifically, defendant seeks to have the court determine that it is reasonably arguable that there was probable cause for arrest because Hembree observed plaintiff riding his motorcycle without a license plate. However, plaintiff's version of events alleged in the complaint are that he was simply taking photos and videos when he was placed under arrest, not riding his motorcycle. This factual dispute cannot be resolved at the motion to dismiss stage. Thus, defendant is not entitled to qualified immunity at this time.

**Conclusion**

Accordingly, I recommend that defendant's motion to dismiss be granted in part and denied in part. Specifically, plaintiff's state law claim should be dismissed without leave to amend, but his First, Fourth, and Fourteenth Amendment claims should survive dismissal for the reasons stated herein.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  August 24, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE