UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. MARTIN,<br><br>                Plaintiff,<br><br>        v.<br><br>RYAN MEZ, *et al.*,<br><br>                Defendants. | Case No.  2:20-cv-00855-JAM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>1) PLAINTIFF'S MOTION BE GRANTED IN PART<br><br>ECF No. 38<br><br>2) PLAINTIFF'S VOLUNTARY DISMISSAL OF RYAN MEZ BE VACATED<br><br>ECF No. 28<br><br>3) PLAINTIFF BE DIRECTED TO FILE AN AMENDED MOTION FOR DEFAULT JUDGMENT WITHIN 30 DAYS<br><br>ECF No. 23<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff, who proceeds pro se, voluntarily dismissed a defendant in a misguided effort to avoid paying that defendant's attorney's fees.  He now seeks to correct his error, attributing his mistake to a statement made by counsel for defendants.  I believe correction is warranted.

1

On November 13, 2020, the court screened plaintiff's complaint and found service to be appropriate for defendants Ryan Mez and Jeremy Hembree. ECF No. 7. On November 25, 2020, Mez signed a waiver of service, ECF No. 11, but since that time he has not answered the complaint or otherwise appeared in this case. Accordingly, plaintiff sought and received a clerk's entry of default as to defendant Mez, ECF Nos. 21, 22, and, on February 16, 2021, plaintiff moved for default judgment. ECF No. 23.

Less than a week later, counsel for defendants filed a signed declaration from plaintiff that requested that defendant Mez be dismissed without prejudice. ECF No. 28. Because Mez had filed neither an answer nor a motion for summary judgment, he was voluntary dismissed from this case upon the filing of plaintiff's declaration. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Com. Space Mgmt. Co. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) (observing that "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it").[1] On March 29, 2021, plaintiff sought to withdraw his voluntary dismissal of defendant Mez. ECF No. 32. This document was (1) construed as a motion because plaintiff may not unilaterally withdraw notice, and (2) denied without prejudice because plaintiff did not provide any grounds for relief. ECF No. 37.

Plaintiff has now submitted additional briefing that provides a basis for his earlier request to withdraw the voluntary dismissal of defendant Mez. ECF No. 38. Since plaintiff himself, and not the court, voluntarily dismissed defendant Mez, I construe this new motion, ECF No. 38, as a motion to vacate the voluntary dismissal under Rule 60(b). *See Kalt v. Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995) ("[A] voluntary dismissal . . . is a judgment, order or proceeding from which Rule 60(b) relief can be granted.").

Rule 60(b) provides a list of circumstances that would allow the court to grant plaintiff's motion, including: "mistake, inadvertence, surprise, or excusable neglect; fraud (whether

---

[1] It does not matter that plaintiff styled this notice as a motion. It is still treated as a notice of dismissal because mislabeling is harmless and the document was filed when plaintiff still had an absolute right to dismiss by notice. *See* 8 Moore's Federal Practice—Civil § 41.33 [4][b], [5][b] (2021).

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6).

Plaintiff claims that in seeking voluntary dismissal on February 22 he relied on a February 18 email from defense counsel, which stated, "And to confirm, in exchange for dismissing Mez we are waving [sic] any claim for costs or attorneys fees associated with Mez." ECF No. 38 at 2. After filing his voluntary dismissal, plaintiff claims to have discovered that defendant Mez would most likely not be entitled to either attorney's fees or costs. *Id.* Plaintiff accuses defendants' counsel of providing "misleading information" and argues that fraud destroys the validity of judgments. *Id.* at 3.

In a declaration, defendants' attorney denies fraud. He acknowledges that he discussed with plaintiff costs and fees with respect to both defendants, and that he notified plaintiff that he "could be held liable for attorney's fees and costs in this case depending on the manner in which the case was resolved." ECF No. 42 at 2. Counsel further states: "At no time did I tell Plaintiff that he had to pay attorney fees or costs in connection with Defendant Mez." *Id.* at 3. He also notes: "A mutual waiver of fees and costs in exchange for a negotiated resolution is consistent with my practice based on 30+ years of practice, and the general practice among litigants." *Id.*

As discussed above, defendant Mez had defaulted, and it might have been presumed that a party who had not appeared would have been unlikely to have accrued much in the way of costs or fees. Nevertheless, the mutual waiver of fees and costs is a common practice, as counsel notes. And it is not counsel's job to point out weaknesses in his clients' case or strengths in plaintiff's case. Based upon the briefing by the parties, I do not find that fraud, misrepresentation, or misconduct by the opposing party have occurred here. *See* Fed. R. Civ. P. 60(b)(3).

Plaintiff's action could fairly be characterized as a mistake. *See* Fed. R. Civ. P. 60(b)(1); *see also Little Orbit Llc v. Descendent Studios*, No. 8:20-cv-00089-DOC-(JDEx), 2021 U.S. Dist. LEXIS 152350, at *12 (C.D. Cal. July 27, 2021) (evaluating a mistaken understanding of a settlement term under Rule 60(b)(1)). Mistake will not justify overturning a judgment or order when "(1) the [plaintiff's] culpable conduct led to the default; (2) the [plaintiff] has no meritorious defense; or (3) the [defendant] would be prejudiced if the judgment is set aside."

3

1  *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir. 1992) (citing *Meadows v. Dominican Republic*,
2  817 F.2d 517, 521 (9th Cir. 1987)).  On the other hand, if none of those exceptions are met, then
3  plaintiff's motion should be granted.  *See In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991)
4  (recognizing that Rule 60(b) is a remedial measure that "must be liberally applied").  Further, the
5  Federal Rules of Civil Procedure must be construed "to secure the just, speedy, and inexpensive
6  determination of every action and proceeding."  Fed. R. Civ. P. 1.

7      Plaintiff voluntarily dismissed a defendant without understanding the bargain he was
8  making.  Plaintiff is proceeding without counsel, and his mistake occurred relatively early in the
9  trajectory of this case.  Plaintiff's voluntary dismissal without prejudice did not close the case.
10 Defendant Mez has not answered the complaint or even appeared, and so he cannot fairly be said
11 to suffer prejudice.  Plaintiff dismissed without prejudice and is free to move to amend his
12 complaint at any time.  *See* Fed. R. Civ. P. 15.  However, it would unnecessarily delay this case if
13 the court were to require plaintiff to move for leave to amend and then file an amended
14 complaint.  *See* Fed. R. Civ. P. 1.  Accordingly, I believe that plaintiff's voluntary dismissal of
15 defendant Mez should be vacated.  ECF No. 28.

16     Plaintiff also seeks to have his motion for default judgment, ECF No. 23, considered on
17 the merits.  Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a
18 party that has defaulted.  *See* Fed. R. Civ. P. 55(b)(2).  However, "[a] defendant's default does not
19 automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal Sec. Cans*,
20 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25
21 (9th Cir. 1986)).  The decision to enter judgment against a defaulting party is "discretionary,"
22 *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980), and the court considers several factors
23 before granting default judgment.

24     When plaintiff moves for default judgment, he first must show adequate service.  *See*
25 *United States v. 4268 Los Angeles Ave. Simi Valley California 93063*, 672 F. App'x 770 (9th Cir.
26 2017) ("A default judgment must be set aside if the court lacked jurisdiction over the defendants
27 due to insufficient service of process.").  If service of process is sufficient under Federal Rule of
28 Civil Procedure 4, the court then considers a number of factors to decide whether entry of default

judgment is appropriate, including: (1) possible prejudice to the plaintiff; (2) the merits of plaintiff's claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a factual dispute; (6) whether the default was potentially due to excusable neglect; and (7) the general policy that cases be decided on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). While default judgments are ordinarily disfavored, *id.* at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)), when courts apply the discretionary standard provided in *Eitel*, "default judgments are more often granted than denied." *Phillip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Plaintiff's motion was denied for failure to comply with a court order to set the matter for a hearing and as moot because defendant Mez was dismissed from the case. ECF No. 37. The motion for default judgment does not brief the *Eitel* factors and so is unlikely to succeed on the merits. Additionally, because plaintiff never set the matter for a hearing, defendant Mez has had no opportunity to oppose it. Therefore, I recommend that plaintiff be given thirty days to file an amended motion for default judgment that briefs the *Eitel* factors and sets the matter for hearing.

## CONCLUSION

Accordingly, it is recommended that:

1. plaintiff's motion, ECF No. 38, be granted in part;
2. plaintiff's voluntary dismissal of defendant Mez, ECF No. 28, be vacated; and
3. plaintiff be directed to file an amended motion for default judgment within thirty days.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   October 25, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE