Case 2:20-cv-00855-TLN-JDP   Document 70   Filed 08/24/22   Page 1 of 7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>RYAN MEZ, *et al.*,<br><br>        Defendants. | Case No. 2:20-cv-00855-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT MEZ'S MOTION TO SET ASIDE DEFAULT BE GRANTED AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND TO STRIKE DEFENDANT HEMBREE'S ANSWER BE DENIED<br><br>ECF Nos. 53, 56, & 59<br><br>OBJECTIONS DUE WITHIN 14 DAYS<br><br>ORDER DENYING DEFENDANT MEZ'S MOTION FOR A RULING<br><br>ECF No. 64 |

    Plaintiff, proceeding without counsel, alleges that defendants Mez and Hembree, both Yolo County Sheriff's Deputies, violated his rights while arresting him in December 2018. ECF No. 1. Defendants are differently positioned: Hembree previously moved to dismiss plaintiff's claims, but Mez failed to timely respond to the complaint. Plaintiff requested entry of default against Mez, which the Clerk of Court entered on February 10, 2021. ECF No. 22. Mez has now filed a motion to set aside the entry of default, ECF No. 53, and plaintiff has moved for default judgment against Mez, ECF No. 56. Also pending is plaintiff's motion to strike Hembree's

1

answer and affirmative defenses. ECF No. 59.[1] I recommend that Mez's motion be granted and plaintiff's motions be denied.

**Background**

In November 2020, the court screened plaintiff's complaint and directed the U.S. Marshal to serve process on defendants. ECF Nos. 1, 5, & 8. Although both defendants waived formal service, ECF Nos. 11 & 12, only Hembree responded to the complaint; he timely filed a motion to dismiss, ECF No. 14, which was granted as to plaintiff's state law claim but otherwise denied, ECF No. 49.

Following the receipt of Hembree's motion to dismiss, plaintiff sought and received a clerk's entry of Mez's default. ECF Nos. 21 & 22. Plaintiff then moved for default judgment. ECF No. 23. Shortly thereafter, on February 22, 2021, counsel for defendants filed a signed declaration from plaintiff asking that Mez be dismissed without prejudice. ECF No. 28. Because Mez had filed neither an answer nor a motion to dismiss, he was voluntary dismissed upon the filing of plaintiff's declaration. On March 29, 2021, plaintiff moved to withdraw his voluntary dismissal of defendant Mez, arguing that he had been misled by defendants' counsel and had dismissed Mez due to mistake or excusable neglect. ECF No. 32 at 3. I recommended that Mez's dismissal be vacated and that plaintiff be directed to file an amended motion for default judgment. ECF No. 51 at 2-3.[2] Thereafter, Mez filed the instant motion to set aside the clerk's entry of default, ECF No. 53, and plaintiff filed a renewed motion for default judgment, ECF No. 56.

**Motions to Set Aside Default and for Default Judgment**

Defendant Mez argues that his failure to file a responsive pleading was due to the excusable neglect of his attorney. ECF No. 53 at 1. The court has the power to set aside the entry of default "for good cause." Fed. R. Civ. P. 55(c). In deciding whether good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable

---

[1] Mez has also filed a motion asking the court to issue a decision on his motion to set aside default. ECF No. 64. In light of these finding and recommendations, that motion is denied as moot.

[2] These findings and recommendations were adopted on December 27, 2021. ECF No. 63.

2

conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). "'[T]his tripartite test is disjunctive,' meaning that the district court" is free to deny the motion if any of these three factors is shown to exist. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-09 (9th Cir. 2000) (quoting *In re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). When the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986).

With respect the first factor, Mez argues that he did not engage in culpable conduct because his failure to file a timely responsive pleading resulted from his counsel's excusable neglect. ECF No. 53 at 1. He submits a declaration from his attorney, Charleton Pearse, who attests that at the time he filed the motion to dismiss on behalf of defendant Hembree, ECF No. 14, he was not aware that "Mez had apparently been served with process due to his signing an FRCP 4(d) waiver form." *Id.* at 4. He claims that if he had known that Mez had waived service, he would have brought the motion to dismiss on behalf of both defendants. *Id*. He states that he also would have moved to set aside Mez's default when he learned of it—after plaintiff moved for entry of default—"but the need to do so was obviated by [plaintiff's] voluntar[y] dismissal of Defendant Mez."[3] ECF No. 53 at 4. Mez stresses that the instant motion to set aside default was filed shortly after he received the findings and recommendation to vacate the voluntary dismissal. ECF No. 53 at 5 (referring to ECF No. 51).

The error made by defendant Mez's attorney does not rise to the level of culpable conduct. "[D]efendant's conduct is culpable if he has received actual or constructive notice of the filing of

---

[3] Plaintiff filed his notice of voluntary dismissal less than two weeks after the clerk's entry of default. ECF Nos. 22 & 28.

the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). In this context, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697). Defendant's failure to understand the necessity of a timely reply and his attorney's failure to see his waiver of service both amount to "simple carelessness" and do not supply a reason "to treat a negligent failure to reply as inexcusable." *Id*.

"All that is necessary to satisfy the meritorious defense requirement"—the second factor of the good cause test—"is to allege sufficient facts that, if true, would constitute a defense." *Id*. at 1094. "'[W]hether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." *Id*. (quoting *TCI* Group, 244 F.3d at 695-98). Plaintiff argues that failing to respond constitutes "acquiescence" and an admission that there are no factual disputes. ECF No. 56 at 6. Mez counters that, but for his negligence, he would have joined Hembree's motion to dismiss. ECF No. 53 at 4. The arguments in defendant Hembree's motion to dismiss, which the court granted in part, apply substantially to the claims against defendant Mez. *See generally* ECF No. 15; ECF No. 41 (recommending dismissal of plaintiff's state law claims). Considering that "judgment by default is a drastic step appropriate only in extreme circumstances," *Falk*, 739 F.2d at 463, and that public policy favors deciding cases on the merits, *see id*., this factor weighs in favor of Mez.

The third factor asks whether vacating the default judgment would prejudice plaintiff. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Group*, 244 F.3d at 696. Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463; *see also Thompson*, 95 F.3d at 433-34 (explaining that prejudice entails some "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"). Plaintiff does not explain how setting aside default would cause him prejudice beyond stating that

4

1   Mez's failure to answer constitutes an admission of "all facts, legal arguments, and claims" and,
2   as such, that "any arguments or motions made . . . could only prejudice the plaintiff." ECF
3   No. 56 at 2. As the case remains at a relatively early stage—prior to a scheduling conference or
4   the initiation of discovery—the only harm to plaintiff appears to be the burden of adjudicating the
5   case on the merits. Such harm does not amount to prejudice in this context.

6   Accordingly, Mez's motion to set aside default should be granted and his default set aside,
7   and plaintiff's motion for default judgment should be denied. *Cf. Eitel v. McCool*, 782 F.2d 1470,
8   1471 (recognizing that Rule 55 requires the entry of default before default judgment is entered).

### Motion to Strike

10  Plaintiff moves to strike the affirmative defenses in Hembree's answer, arguing that they
11  are "obviously false, have little or no bearing on the adjudication of [plaintiff's] claims, and only
12  serve to defame him." ECF No. 59 at 2. Rule 12(f) authorizes a court to strike "from a pleading
13  an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.
14  Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time
15  and money that must arise from litigating spurious issues by dispensing with those issues prior to
16  trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike
17  are generally viewed with disfavor; they are usually denied unless the allegations in the pleading
18  have no possible relation to the controversy and could prejudice one of the parties. *See* 5A C.
19  Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380; *see also Spencer v. Lopez*,
20  No. 1:20-cv-01203-JLT-BAK (SKO) (PC), 2022 WL 1712961, at *4 (E.D. Cal. May 27, 2022)
21  ("Where no [] prejudice is demonstrated, motions to strike may therefore be denied even though
22  the offending matter was literally within one or more of the categories set forth in Rule 12(f).")
23  (internal citations and quotation marks omitted).

24  Although some of Hembree's affirmative defenses appear unavailing and may be
25  misplaced, plaintiff's claim that they serve only to defame him is unfounded.[4] More

---

[4] Hembree's first affirmative defense contends that plaintiff's complaint "fail[s] to state facts sufficient to constitute a cause of action," and his second states generally that defendant's conduct was legal, *id.*; these conclusory statements that plaintiff's allegations fail to state a claim are arguably redundant and misplaced, *see Freezor v. California Grills, Inc.*, 2:12-cv-02578-

5

1 fundamentally, plaintiff has failed to identify any prejudice caused by Hembree's affirmative
2 defenses. His only argument on the prejudice front is that it is "defamatory" to state that he
3 engaged in illegal or culpable conduct precipitating the arrest.[5] *See* ECF No. 59 at 4. But by
4 alleging claims of false arrest and retaliation, plaintiff himself put the legality of his conduct at
5 issue. Thus, "[b]ecause motions to strike are regarded with disfavor, and because [p]laintiff
6 has . . . [not] demonstrated prejudice," *Spencer*, 2022 WL 1712961, at *4, his motion to strike
7 should be denied.
8       Accordingly, it is hereby ORDERED that defendant Mez's motion for a ruling, ECF
9 No. 64, is denied as moot.
10       Further, it is RECOMMENDED that:
11       1. defendant Mez's motion to set aside entry of default, ECF No. 53, be granted, and the
12 Clerk of Court be directed to set aside the entry of defendant Mez's default;
13       2. plaintiff's amended motion for default judgment, ECF No. 56, be denied; and
14       3. plaintiff's motion to strike defendant Hembree's answer, ECF No. 59, be denied.
15       I submit these findings and recommendations to the district judge under 28 U.S.C.
16 § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
17 Eastern District of California. The parties may, within 14 days of the service of the findings and
18 recommendations, file written objections to the findings and recommendations with the court.
19 Such objections should be captioned "Objections to Magistrate Judge's Findings and
20 Recommendations." The district judge will review the findings and recommendations under 28
21 U.S.C. § 636(b)(1)(C).

---

26 MCE-CMK, 2013 WL 866505, at *2 (E.D. Cal. Mar. 7, 2013) ("[F]ailure to state a claim is not an affirmative defense.").
27    [5] Hembree's fourth, fifth, and sixth affirmative defenses collectively contend that plaintiff acted culpably or unlawfully, such that his own actions either failed to mitigate his damages or
28 entirely bar his claims. *See* ECF No. 55 at 5.

IT IS SO ORDERED.

Dated:   August 23, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE